## PLAPP v. MEYER ET AL.

CONVEYANCE: TITLE: TRUST.

*Appeal from Jones Circuit Court.*

THURSDAY, JUNE 17.

ON the 13th day of June, 1873, the plaintiff filed in the Jones Circuit Court a petition stating that on the 4th day of September. 1872, he owned the undivided one-half of certain premises described, which he continued to own until the 27th day of December, 1872, when he became the owner in fee simple of all of said premises.

That on the 4th day of September, 1872, the defendants occupied said premises as tenants, and on the 20th day of December, 1872, plaintiff by an oral contract leased the undivided half of the premises which he then owned, to the defendants for the monthly rent of twenty dollars, payable monthly. That the rent of plaintiff's undivided half of said premises from the 4th of September, 1872, to the 20th day of December, 1872, is reasonably worth $20.00 per month, and the rent of the entire premises is reasonably worth $40.00 per month. Plaintiff alleges that defendants have failed to pay any part of this rent, and asks judgment for the sum of $350.00.

The defendant Constantina Meyer filed her answer, stating that long

before the 4th of September, 1872, she was, and now is the wife of Anton Meyer, who is now in full life, that she made the contract with plaintiff for the use of the premises, and the same was not in relation to any separate property of her own. She denies that on the 4th day of September, 1872, or at any other time, they occupied the premises described in the petition, as tenants under the plaintiff, and deny that he owned the undivided half of the same, or any interest therein. She avers that on the 12th day of October, 1868, the said Constantina Meyer went into possession of said premises under a deed of trust of the undivided half of said premises as the guardian of the minor heirs of J. B. Meyer, deceased; and that as such trustee she still holds and occupies said premises, and not as tenant of plaintiff.

She alleges that the other undivided half of said premises belonged to one John Baumeyer, of whom the defendant rented, and to whom she paid all the rent due for the use of the same until about the 7th day of December, 1872, when the said John Baumeyer conveyed all his interest in said premises to the plaintiff, who, on or about the said 7th day of December, 1872, sold all his interest in said premises to Anton and Constantina Meyer, for the sum of $1350, for which they executed and delivered to plaintiff their notes, secured by a mortgage upon about five acres of land in Jones county, payable in five years. At the time of the making and delivery of said notes plaintiff made to Anton and Constantina Meyer, a warranty deed conveying to them the undivided half of the premises described in the petition. And it was then agreed that plaintiff should carry said deed to Dubuque, procure his wife's signature and acknowledgement thereto and return the same to Anton and Constantina Meyer. That plaintiff wrongfully and in violation of his contract refuses to execute and deliver said deed; but retains the notes and mortgage, and refuses to fulfill his contract.

Defendant asks that plaintiff be decreed to fulfill his contract.

On the 1st of August, 1873, plaintiff filed his other petition against the defendants herein before named alleging that he is entitled to the immediate possession of the premises above described, and that defendants unlawfully keep him out of possession. He prays judgment for the possession of the premises, and for $500 damages.

On the 19th of November, 1873, the defendants filed to this petition their substituted answer, alleging that on the 5th day of September, 1867, Anton Meyer and J. Bobletter, in consideration of $246 in hand paid to O. S. Lincoln, purchased of him the land set out in plaintiff's petition; and that Lincoln and wife conveyed the same to them by a warranty deed, which was duly recorded. That on the 12th day of October, 1868, Anton Meyer, in consideration of about $900 received of Constantina Meyer, guardian of Caroline, John B., Albert and Franklin Meyer, minor heirs of Constantina and John B. Meyer, conveyed by deed the property set out in the petition to Constantina Meyer, in trust for the said minor heirs of John B. Meyer, deceased, for the said sum of $900 loaned by Constantina Meyer, belonging to said minor heirs; which deed was duly recorded.

Defendants allege that they are in possession and holding the undivided

half of all of said land mentioned in plaintiff's petition, under the deed of trust aforesaid, as the property of said minor heirs by their consent and authority, and that of Constantina Meyer, as the guardian of said minor heirs.

The said minor heirs of John B. Meyer, deceased, by their guardian, Constantina Meyer, ask to be made parties to this suit to protect their interest, and that the title to said land be quieted in them. Constantina, for herself, says that she is the wife of the other defendant, Anton Meyer.

As to the other undivided half of said premises, this answer makes the same allegations as those contained in the answer to the first petition above set out, and it asks the same relief.

The plaintiff for reply admits that defendant, Anton Meyer, obtained title to the undivided one-half of said premises as set out in the answer, and that Anton conveyed the undivided half to Constantina as alleged, but denies that she purchased the same in trust for the minors, her wards; denies that said minors ever had any interest in said premises, or that any money or property of theirs was used in said property, or that Constantina was the guardian of said minors at the time of the sale by Anton to her. Plaintiff alleges that about the 4th day of September, 1872, he purchased at sheriff's sale on foreclosure of a mortgage given by Anton and Constantina Meyer, all the right, title and interest in said premises of said defendants, and received a sheriff's deed therefor. By agreement of the parties the cases were consolidated, and were referred to G. W. Field, Esq., to try and determine. Pursuant to the report of the referee the court decreed that plaintiff recover judgment for the sum of $166.66, for the rent of an undivided half of the premises from the 4th day of September, 1872, to the 13th day of June, 1873; that defendants take and hold the title and interest which plaintiff had on the 20th day of December, 1872, to the undivided one-half of the property in controversy; that plaintiff hold the other undivided one-half of said premises in his own right, free of any claim of defendants; that the minor heirs have no rights or equities therein as against the plaintiff, and that the cross-bill by their guardian be dismissed without prejudice, and that defendants pay one-half the costs less $12.40, and that plaintiff's pay the remainder of the costs.

The defendants excepted to this decree, and they appeal.

*A. J. Monroe* and *T. R. Ercanbrack*, for appellants.

*M. W. Herrick* and *J. L. Sheean*, for appellee.

DAY, J.—It is not questioned that defendants occupied the premises in controversy, during the time claimed. The claim of defendants is that they occupied one undivided half of the premises, under a deed of trust to the defendant Constantina Meyer, as the guardian of the minor heirs of J. B. Meyer, deceased, and that they occupied the other undivided half, under a contract of purchase of the same from plaintiff.

The defendants allege in the answer that John Baumeyer owned an undivided half of the premises, and that about the 7th day of December, 1872, he sold his interest therein to plaintiff. A deed was introduced showing a con-

veyance from Baumeyer, of his interest in the premises to plaintiff on the 27th day of December, 1872. It is clear then from the allegations of the answer, and the proof introduced that plaintiff did acquire one undivided half of the property in question from Baumeyer. If the plaintiff from any other source acquired title to the other undivided half of the premises it follows, that the decree of the court holding the defendants for the payment of rent on one undivided half is right, for, as said before, the occupancy of the premises is not denied, and defendants claim to have purchased only one undivided half of plaintiff. In regard to the interest purchased of Baumeyer, there can be no real controversy.

The material facts respecting the remaining interest we will endeavor to state as nearly as may be in chronological order.

On the 5th day of September, 1867, Anton Meyer and J. Bobletter purchased the whole of the premises in controversy of O. S. Lincoln, for the sum of two hundred and forty-six dollars. On the 18th day of September, 1868, Anton Meyer and Constantina his wife, and Joseph Bobletter and Elizabeth his wife, mortgaged said premises to George Bohl to secure the sum of $850. On the 12th day of October, 1868, Anton Meyer, in consideration of about $900, conveyed his interest in the property in controversy which was an undivided one-half to his wife Constantina. Defendants claim that this $900 belonged to the minor heirs of John B. Meyer, deceased, and that the conveyance to Constantina, the guardian of said minors, was in trust to secure them for this money. On the 4th day of January, 1870, Anton and Constantina Meyer, executed a mortgage upon their interest in said premises to Louis Voght, to secure the sum of $800.

At the February Term, 1872, of the Jones Circuit Court, this mortgage was foreclosed. At the sheriff's sale it was purchased by plaintiff, and was deeded to him by the sheriff, on the 5th day of September, 1872. Under this purchase plaintiff claims he acquired the other undivided half of the property, the portion deeded by Anton Meyer to his wife Constantina. The defendants, in opposition to this claim, insist that the consideration of the conveyance to Constantina was money of the minors, her wards, loaned by her as their guardian to her husband, that the deed to her was in trust to secure this sum, and that Voght, when he accepted the mortgage and plaintiff, when he purchased at the foreclosure sale had knowledge of this fact.

As to whether or not the consideration paid for the land belonged to the said minors, the evidence is conflicting. If we were left to determine it alone from the preponderance of the testimony submitted, we would probably find that the evidence did not establish the fact. But counsel have filed an agreement "that before the purchase of the premises by plaintiff at sheriff's sale, he had notice of the interest of the minor heirs in the property. We can construe this in no other light than as a recognition of the fact that the money with which the title was obtained was theirs, for there is no other way shown by the evidence, in which they could have any interest therein. The evidence also shows that Voght was informed, when he took the mortgage, that the land belonged to the children. At the time, however, that this conveyance was made to Constantina Meyer in trust for the children, the Bohl mortgage existed and was an incumbrance upon it to the extent of

$800 and interest. The evidence clearly shows that all the money, except $50.00 received from Voght, was applied in extinguishing the Bohl mortgage, thus inuring to the benefit of the minors.

It is but equitable therefore to hold that Voght became subrogated to the rights of Bohl, to the extent of his mortgage. See *Gilbert v. Gilbert*, 39 Iowa, 657.

Another fact is to be noticed. The evidence shows that on the 20th day of December, 1872, plaintiff agreed to quit claim an undivided one-half of the premises to the defendants. The court decreed that defendant take and hold the title and interest which plaintiff had on the 20th day of December, 1872, in the premises. And the court could not have gone further than this, for that was all plaintiff agreed to convey.

The only interest, however, which plaintiff had in the premises, at that time, was what he acquired under the foreclosure of the Voght mortgage. The Baumeyer interest was not conveyed to plaintiff until the 27th day of December, 1872. It is clear then, that whatever interest defendants acquired in virtue of their purchase from plaintiff, is burdened with the interests of the minors, whatever those interests may be, but that the minors have no claim which can be made available against the remaining interest of plaintiff acquired through Baumeyer. The court, therefore, did not err in holding defendants liable for rent on an undivided half of the property, nor in dismissing the cross bill of the minors without prejudice.

AFFIRMED.